# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JOHN PARSONS** <br> 536 Bucyrus St <br> New Washington, OH 44854, <br><br> and <br><br> **MOLLIE PARSONS** <br> 536 Bucyrus St <br> New Washington, OH 44854, <br><br> Plaintiff, <br><br> v. <br><br> **JEFFREY G. WILLIAMS** <br> 2348 Baton Rouge Ave <br> PO Box 5044 <br> Lima, OH 45802-5044, <br><br> and <br><br> **JEFFREY G. WILLIAMS, LLC** <br> c/o Jeffrey G. Williams, statutory agent <br> 2348 Baton Rouge Ave <br> Lima, OH 45805 <br><br> Defendants. | Civil Action No.: <br><br> JUDGE: <br><br> **COMPLAINT** |

\* \* \*

## I. Preliminary Statement

1. This is an action for actual and statutory damages, costs and attorney fees, brought by an individual consumer for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq*. ("FDCPA").

## II. Jurisdiction

2. Jurisdiction is conferred on this court by 28 U.S.C. § 1337 and 15 U.S.C. § 1692 k(d).

## III. Parties

3. Plaintiffs John Parsons and Mollie Parsons are natural persons residing in Crawford County, Ohio.

4. Defendant Jeffrey G. Williams ("Mr. Williams") is a natural person, and believed to be an Ohio resident.

5. Upon information and belief, Mr. Williams's principle place of business is in Allen County, Ohio.

6. Mr. Williams is engaged in the business of collecting debts and the practice of law.

7. Mr. Williams regularly attempts to collect debts alleged to be due another.

8. Mr. Williams collects debts of another as a matter of course.

9. Mr. Williams collects debts of another as a substantial part of his law practice.

10. At all times relevant, Mr. Williams was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. Defendant Jeffrey G. Williams, LLC ("JGW LLC") is a limited liability company organized under the laws of the state of Ohio.

12. JGW LLC is engaged in the business of collecting debts and the practice of law.

13. Upon information and belief, the principal purpose of JGW LLC is the collection of debts using the mails, telephone, and courts of Ohio.

14. JGW LLC regularly attempts to collect debts alleged to be due another.

15. JGW LLC collects debts of another as a matter of course.

16. JGW LLC collects debts of another as a substantial part of its law practice.

17. Upon information and belief, JGW LLC's principle place of business is in Allen County, Ohio.

18. At all times relevant, JGW LLC was a "debt collector" as defined by 15 U.S.C. § 1692a(6).

19. Upon information and belief, Mr. Williams is the managing member of JGW LLC.

20. Upon information and belief, Mr. Williams is the only member of JGW LLC.

21. Upon information and belief, Mr. Williams operates his law practice through JGW LLC.

22. At all times relevant, Mr. Williams acted as an agent for JGW LLC.

### IV. Factual Allegations

23. At various times prior to March 2010, Plaintiff John Parsons obtained certain medical services in Crawford County, Ohio. Medical insurance paid portions of the bills, and Mr. Parsons was not able to pay the balance alleged to be due prior to March 2010 (the "Alleged Debt").

24. The Alleged Debt was incurred primarily for Mr. Parsons's personal, family, or household purposes.

25. On or about March 18, 2010, Defendants filed a civil complaint against Mr. Parsons and Mrs. Parsons on behalf of North Central Ohio Radiology, in the Franklin County Municipal Court in Franklin County, Ohio, which was assigned case number 2010 CVF 010614 ("the Collection Suit").

26. The Collection Suit attempted to collect the Alleged Debt from the Plaintiffs.

27. Plaintiffs did not live in Franklin County Ohio at the time the Collection Suit was filed.

28. The address of the Plaintiffs listed on the complaint in the Collection Suit was an address in Crawford County, Ohio.

29. Plaintiffs did not sign any contract in Franklin County Ohio which formed any basis for the Alleged Debt.

30. After Plaintiffs learned of the Collection Suit filed in Franklin County, and before April 8, 2010, Mrs. Parsons phoned Mr. Williams, told him that Plaintiffs did not live in Franklin County, and asked him why the Collection Suit was filed in Franklin County. Mr. Williams did not answer her question, asked Mrs. Parsons why she wanted to know, and asked her to pay the Alleged Debt.

31. After receiving no assurance of a dismissal or transfer of the Collection Suit, Plaintiffs retained counsel to represent them in the Collection Suit.

32. The Parsons' counsel sent a letter to Mr. Williams on April 23, 2010, which advised Mr. Williams again that the Collection Suit had been filed in the wrong county.

33. The Parsons' counsel filed a Notice of Appearance in the Collection Suit April 26, 2010.

34. Mr. Williams dismissed the Collection Suit May 5, 2010.

35. As a result of Defendants' actions, Plaintiffs have suffered actual damages, including attorney fees, worry, inconvenience, aggravation, frustration and stress.

**V. First Claim for Relief – Violation of the Fair Debt Collection Practices Act**

36. Plaintiff incorporates by reference all of the above allegations.

37. Defendants' conduct violated the FDCPA, 15 U.S.C. § 1692i.

38. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiffs for actual and statutory damages, costs, and attorney fees.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendants jointly and severally for the following:

A) Actual damages as determined by the Court.

B) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

D) For such other and further relief as may be just and proper.

Date: <u>February 12, 2011</u>   By:

<u>/s /Gregory S. Reichenbach</u>
Gregory S. Reichenbach
P.O. Box 256
Bluffton, OH 45817
(419) 529-8300
FAX: (419) 529-8310
Greg@ReichenbachLaw.com
Ohio Bar No. 0077876
Attorney for Plaintiffs